1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| 10 | DONALD GLEN ESTES,                              ) | Case No.: 2:04-cv-00149-RLH-GWF |
| 11 | Plaintiff,                     ) | **O R D E R** |
| 12 | vs.                            ) | (Motion to Set Aside Default–#71, #72; & |
| 13 | SOUTHERN NEVADA ADULT MENTAL   ) | Motion for Default Judgment–#78) |
| 14 | HEALTH; DR. RAMIREZ; DR. SHERKS; DR. ) LEMMONS,                      ) | |
| 15 | Defendants.                    ) | |
| 16 | _____ ) | |

17         Before the Court is Defendants Dr. Ramirez and Dr. Lemmons' **Motion to Set**

18 **Aside Entry of Default** (#71 & 72), filed September 9, 2006.  The Court has also considered

19 Plaintiff's Opposition (#79), filed October 3, 2006, and Defendants' Reply (#80), filed October 5,

20 2006.

21         Also before the Court is Plaintiff's Motion for Default Judgment (#78), filed

22 October 3, 2006.

23                                   **BACKGROUND**

24         This case came before the Court in February 2004.  Since the beginning of the case

25 Plaintiff has had a difficult time serving a summons upon all of the Defendants.  Specifically,

26 Plaintiff could not locate Doctors Ramirez, Sherks, and Lemmons.  After multiple efforts, which

1

AO 72
(Rev. 8/82)

1  the Court believed satisfied the due diligence standard, the Court issued an order on December 13,

2  2005, which granted service by publication.  Plaintiff decided to only perform service by

3  publication on Doctors Ramirez and Lemmons.  On February 27, 2006, the Court issued a follow

4  up order to move this process along, and to assure Plaintiff that any delays had been resolved.

5  Pursuant to this order, the U.S. Marshals Service advertised process on March 1, 8, 15, and 22,

6  2006, in the Las Vegas Review Journal.  On April 6, 2006, service by publication was completed

7  for Doctors Ramirez and Lemmons.

8  　　　　On September 5, 2006, Plaintiff made a motion for Clerk's Entry of Default.  In

9  Plaintiff's motion for Clerk's Entry of Default he quoted a letter received from Counsel

10  representing Dr. Ramirez wherein Plaintiff was asked to forward "all future correspondence and

11  pleadings in this matter" to the appropriate office.  On September 5, 2006, the Clerk filed an Entry

12  of Default as to Defendants Dr. Ramirez and Dr. Lemmons (collectively "Defendants").

13  　　　　The next day, September 6, 2006, the Motion to Set Aside Entry of Default

14  ("Motion") was filed on behalf of Defendants in this case.

15  **DISCUSSION**

16  **Motion to Set Aside Entry of Default**

17  　　　　Defendants move the Court to set aside the default judgment pursuant to FRCP

18  55(c) and Nevada Supreme Court Rule 175.  The Court notes that Nevada Supreme Court Rules

19  150 through 203.5 were repealed as of May 1, 2006.  What was Rule 175 became Nevada Rule of

20  Professional Conduct 3.5A, which states: "When a lawyer knows or reasonably should know the

21  identity of a lawyer representing an opposing party, he or she should not take advantage of the

22  lawyer by causing any default or dismissal to be entered without first inquiring about the opposing

23  lawyer's intention to proceed."  This Court may set aside an entry of default judgment "[f]or good

24  cause shown."  Fed. R. Civ. P. 55(c).

25  　　　　Defendants argue that good cause has been shown because Plaintiff has violated

26  NRPC 3.5A by not inquiring about the opposing lawyer's intention to proceed.  Plaintiff seems to

AO 72
(Rev. 8/82)

1    admit as much in his response to Defendants' Motion.  Also, Plaintiff was obviously aware of the

2    Defendants' counsel because Plaintiff's motion for the Clerk to enter default quotes Defendants'

3    letter notifying Plaintiff of who would be representing Dr. Ramirez in this case.

4            The Court notes that the August 10, 2006, letter only states that Dr. Ramirez is

5    being represented by Counsel.  As such, Defendants have failed to show any evidence that Plaintiff

6    was aware that Dr. Lemmons was also represented by Counsel as of September 5, 2006.  This, as

7    well as other shortcomings in Defendants' Motion and Reply cause the Court some concern.

8    Defendants state in their motion that "[t]he record of this matter indicates that a certain amount of

9    latitude has been given to accommodate Plaintiff's Pro-Se status.  Defendants now respectfully

10   request accommodation for Defendants and their newly retained counsel. . . ." (Defs'. Mot. to Set

11   Aside Default, 4.)  The Court is disappointed and concerned that a licensed attorney would

12   compare her situation to an inmate proceeding in forma pauperis and pro se.  The Court simply

13   sees no reason that Defendants' Counsel and Plaintiff should continue requiring equal leniency.

14   For now the Court admonishes counsel for Dr. Ramirez and Dr. Lemmons to strive for a higher

15   level of performance since she is an officer of the Court and thus reasonably held to a higher

16   standard.  The Court also notes that Defendants still have not filed an answer to Plaintiff's

17   complaint.

18           The Nevada Supreme Court has held the language currently in NRPC 3.5A to

19   require one party to notify the opposing party before entering default.  *Cen Val Leasing Corp. v.*

20   *Bockman*, 668 P.2d 1074 (Nev. 1983).  In *Cen Val Leasing Corp.,* the Nevada Supreme Court held

21   that because one party failed to notify the other before seeking default, "the district court was

22   required to set aside the default."  *Id.*  The Court holds in its discretion, and limits its holding to

23   this specific case, that had Plaintiff contacted Defendants' Counsel, Plaintiff may have been put on

24   notice as to Counsel's intent to proceed as to both Dr. Ramirez and Dr. Lemmons.  The Court

25   notes that Defendants did at least move quickly after default was entered against them.  As such,

26   the Court will grant Defendants' Motion as to both Defendants.

AO 72
(Rev. 8/82)

**Conflict of Interest**

The District of Nevada requires that a practicing attorney "adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this court." LR IA 10-7. NRPC 1.7 (formerly Rule 157 of the NSCR) regarding conflicts of interests requires a lawyer to receive informed consent, in writing, when concurrently representing clients whose interests may be in conflict. Nev. R. Prof'l Conduct 1.7.

Due to the potential conflict of interest that exists between Doctors Ramirez and Lemmons (i.e. if they choose to blame each other for the alleged harm to plaintiff), the Court orders Counsel to submit to the Court, within twenty (20) days from the date of this Order, a written acknowledgment and waiver of any conflict of interest signed by her clients.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Set Aside Entry of Default (#71) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#78) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants Dr. Ramirez and Dr. Lemmons shall file their answer to Plaintiff's complaint within twenty (20) days of the entry of this order.

IT IS FURTHER ORDERED that Defendants' Counsel submit a written acknowledgment and waiver of the conflict of interest within twenty (20) days from entry of this Order.

Dated: November 3, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**

4

AO 72
(Rev. 8/82)