UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DONALD GLENN ESTES, | ) | Case No.: 2:04-cv-149-RLH-GWF |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motions for Judgment on the Pleadings–#75, & #95) |
| SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES, DR. RAMIREZ; DR. SHERKS; DR. LEMMONS, | ) | |
| Defendants. | ) | |

Before the Court is Defendant Southern Nevada Adult Mental Health Services' (hereinafter "Adult Mental Health Services") **Motion for Judgment on the Pleadings** (#75) ("Motion I"), filed September 21, 2006. Also before the Court is Defendants Ramirez and Lemmons' **Motion for Judgment on the Pleadings** (#95) ("Motion II"), filed December 21, 2006. Defendant Adult Mental Health Services filed a joinder to Motion II (#97) on December 28, 2006.

To date, Plaintiff has not filed a response to either Motion.

### BACKGROUND

Plaintiff received psychiatric treatments from Doctors Lemmons, Sherks, and Ramirez at Southern Nevada Adult Mental Health Services ("Adult Mental Health Services").

1

1  Plaintiff, an inmate, brought a § 1983 claim alleging violation of his Eighth and Fourteenth
2  Amendment rights.  Specifically, Plaintiff alleges that he has suffered severe nerve damage due to
3  the lithium medication he received from the Defendant doctors at Adult Mental Health Services.
4  All served Defendants now move for judgment on the pleadings.

**DISCUSSION**

*Standard*

Defendants bring their motions pursuant to Federal Rule of Civil Procedure 12(c) which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

**MOTION II**

*Statute of Limitations*

Plaintiff, an inmate, has brought a § 1983 action for violations of his Eighth and Fourteenth Amendment rights.  Plaintiff basically alleges medical malpractice by Defendants for causing "thyroid damage to the thyroid glands, due to lithium toxicity" incurred through the Defendants' services.  (Compl. 3.)  Therefore, the applicable statute of limitations in this case is Nevada Revised Statute § 41A.097 which states: "[A]n action for injury or death against a provider of health care may not be commenced more than 4 years after the date of injury or 2 years after the plaintiff discovers . . . the injury, whichever occurs first."

       Four Years: Date of Injury

Defendants state incorrectly that Plaintiff argues he was injured by three isolated treatments "on or about May 1997, January 1998 and September 1998." (Motion II, Dkt. #95, 5.) If this were true, Plaintiff's case would be barred by the statute of limitations. It is clear from the

2

Complaint that the May 1997 and January 1998 incidents were isolated because Doctors Lemmons and Sherks prescribed medication that was later stopped for negative side affects. (Compl. 4).

However, the treatment begun in September 1998 was not isolated because it was apparently an elongated treatment over years. Plaintiff's Complaint states that in September 1998 "another medication [was] prescribed. After side effects from this medication was damaging [it] was discontinued. Again the Lithium 900mg was represcribed again-years go by . . ." (*Id.*) Plaintiff states that he was "put on lithium 3 different time [sic]" and that the treatments were stopped on February 1, 2002. (*Id.* at 5.) Plaintiff states that the lithium was a "daily medication." (*Id.* at 3.) The treatment was "on Dr. Ramirez['s] care." (*Id.* at 4.) Therefore, from the pleadings it appears that Dr. Ramirez was responsible for a daily dose at least until the time of his quitting Adult Mental Health Services. There is no evidence in the pleadings to state when Dr. Ramirez quit Adult Mental Health Services so Defendant Ramirez has not carried the burden of showing that there is no material issue left for trial.

As such, the Court determines from the pleadings that the incidents involving Doctors Lemmons and Sherks were isolated, occurred in May 1997 and January 1998, and therefore any medical malpractice involving these two doctors would be barred by the statute of limitations. N.R.S. § 41A.097. Therefore, the Court grants judgment in favor of Doctors Lemmons and Sherks pursuant to Fed. R. Civ. P. 12(c).

The Complaint still adequately states a claim against Dr. Ramirez because the Lithium 900 mg was not stopped until February 2002. Therefore the "4 years after the date of injury" portion of the statute of limitations could extend well past the time the complaint was filed. N.R.S. § 41A.097.

Two Years: Discovering Injury

Defendants may assert that even under the two year limitation this action should be barred. The statute of limitations requires a complaint to be filed within "2 years after the plaintiff discovers . . . the injury." N.R.S. § 41A.097. Plaintiff admits in his complaint that he was made

3

1  aware of the offending damage on February 26, 2002 and on March 14, 2002, through medical
2  testing. (Compl. 3.) Plaintiff also states that upon making this discovery "medication stopped at
3  once." (*Id.*) Therefore, Plaintiff was required to file his complaint within two years of February
4  26, 2002 or possibly March 14, 2002.

5  Fed. R. Civ. P. 3 states simply: "A civil action is commenced by filing a complaint
6  with the court." Fed. R. Civ. P. 5(e) states that "The filing of papers with the court as required by
7  these rules shall be made by filing them with the clerk of court." Therefore, according to the rules,
8  a civil action is commenced when papers are filed *with* the clerk, not when the clerk files the
9  papers on the docket.

10  Defendants state that "Plaintiff filed his Complaint with this honorable Court on
11  May 4, 2004." This would be past the filing deadline under the statute, however, it is an
12  inaccurate statement. The Court's stamp on the Complaint clearly shows that it was received on
13  February 6, 2004. (Dkt. #5; *see also* Motion II, Ex. A.) Hence, even though the Clerk did not file
14  the Complaint until May 4, 2004, the Complaint was filed with the Clerk before the two-year filing
15  deadline imposed by the statute. Therefore, for purposes of the statute of limitations, the Court
16  finds that this civil action was commenced on February 6, 2004 when the complaint was received
17  by the Clerk of Court. *See Garrett v. Clarke*, 147 F.3d 745 (8th Cir. 1998) (holding that the action
18  was timely because the complaint was presented to the district court clerk for filing before the
19  statute of limitations ran).

20  *Affidavit of Merit*

21  Defendants assert that the complaint should also be dismissed for Plaintiff's failure
22  to file an affidavit of merit supporting the alleged medical malpractice as required by statute: "If an
23  action for medical malpractice . . . is filed in the district court, the district court shall dismiss the
24  action, without prejudice, if the action is filed without an affidavit, supporting the allegations
25  contained in the action." N.R.S. § 41A.071.

26

4

1  In *Borger v. Eighth Judicial Dist. Ct.*, 102 P.3d 600 (Nev. 2004), the Nevada
2  Supreme Court concluded that "NRS 41A.071 clearly mandates dismissal, without leave to amend,
3  for complete failure to attach an affidavit to the complaint." *Id.* at 606.  However, the Nevada
4  Supreme Court also cited significant policy reasons for that decision:

> This interpretation is consistent with the underlying purpose of the measure, which is to ensure that such actions be brought in good faith based upon competent expert opinion.  In this, the statute clearly works against frivolous lawsuits filed with some vague hope that a favorable expert opinion might eventually surface.

*Id.*  These concerns are tempered in this case.  First, the Court looks to Plaintiff's situation as an inmate proceeding *pro se,* proceeding *in forma pauperis,* and proceeding despite various medical conditions.  Furthermore, the Court notes that the reason this case was filed in federal court is because it is a § 1983 action based on alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights.  Therefore, when Plaintiff filled out all the forms provided to him for making a § 1983 claim, he may have reasonably believed that he was doing all he needed in the pursuit of his claim.  Without legal assistance it would be near miraculous for Plaintiff to realize that his action was also a medical malpractice action that required an additional affidavit to accompany his filing.

Because Defendants bring Motion II pursuant to Rule 12(c) the Court must accept all factual allegations as true.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  Plaintiff's Complaint alleges that multiple tests showed "damage to the thyroid glands, due to lithium toxicity - medication poisoning." (Compl. 3.)  Upon receiving these results, Plaintiff asserts that a Dr. Oksenholt stopped his medication immediately.  (*Id.*)  Because the Court must accept it as true that medical reports exist validating Plaintiff's claim, and that there is a Doctor who could readily verify it, it would be terribly unjust at the same time to dismiss Plaintiff's action now, especially given his circumstances, simply because those reports and accompanying affidavit are not in the Court's possession.

1   As such, the Court finds that considering Plaintiff's unique situation, the Complaint
2   is sufficient to withstand a motion pursuant to 12(c) for the time being.  However, the Court will
3   require that Plaintiff file an affidavit in the next sixty (60) days which complies with N.R.S. §
4   41A.071.  Failure to file the affidavit will constitute grounds for dismissal of the case.  This Order
5   does not prejudice Ramirez's ability to bring an appropriate summary judgment motion at an
6   appropriate time.

## MOTION I

*Eleventh Amendment Immunity*

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ."  U.S. Const. amend. XI.  The Eleventh Amendment also precludes lawsuits filed against a state by one of its own citizens as well.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986).  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  This proscription exists regardless of the relief sought.  *Id.* at 100-01.  "[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."  *Id.* at n.9.  Nevada has expressly not waived its immunity under the Eleventh Amendment.  N.R.S. § 43.031(3).

Defendant Adult Mental Health Services is a facility for Nevada's Division of Mental Health and Developmental Services.  N.R.S. § 433.233.  As such, the Court determines that it is entitled to Eleventh Amendment immunity in this case.  *Papasan v. Allain*, 478 U.S. 265, 277 (1986) ("Relief that in essences serves to compensate a party injured in the past by an action . . . that was illegal under federal law is barred [by the Eleventh Amendment] . . . if the relief is expressly denominated as damages.").  Therefore, Motion I by Defendant Adult Mental Health Services will be granted and judgment entered in favor of Adult Mental Health Services.

....

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (#95) is GRANTED in part and DENIED in part as follows:

    The Motion is Granted as to Defendant Lemmons.

    The Motion is Denied as to Defendant Ramirez.

IT IS FURTHER ORDERED that Plaintiff shall have sixty (60) days to file with the Clerk an affidavit fulfilling the requirements in N.R.S. § 41A.071.

IT IS FURTHER ORDERED that Defendant Southern Nevada Adult Mental Health Services' Motion for Judgment on the Pleadings (#75) is GRANTED.

Dated:   January 16, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**