# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD GLEN ESTES,

        Plaintiff,

vs.

SOUTHERN NEVADA ADULT MENTAL
HEALTH SERVICES; et al.,

        Defendants.

Case No. 2:04-cv-00149-RLH-GWF

**ORDER & FINDINGS AND RECOMMENDATIONS**

This matter is before the Court on Plaintiff's Motion to Comply with Court Order on N.R.S. § 41A.071 Written Affidavit (#106), filed on February 26, 2007, and Defendant's Opposition to Plaintiff's Motion to Comply with N.R.S. § 41A.071, filed on March 9, 2007. To date, Plaintiff has not filed a response to Defendant's opposition.

## BACKGROUND

Plaintiff received psychiatric medication from doctors at the Southern Nevada Adult Mental Health Services. Plaintiff alleges that he has suffered from severe nerve damage due to the medication prescribed by Defendants. Plaintiff brought a 42 U.S.C. § 1983 claim against the Defendants alleging violations of his Eighth and Fourteenth Amendment rights. On January 16, 2007, the Honorable Roger L. Hunt issued Order (#98), which granted judgment on the pleadings in favor of Defendant Southern Nevada Adult Mental Health Services and Defendant Lemmons. However, Order (#98) denied judgment on the pleadings as to Defendant Ramirez. Order (#98) further allowed Plaintiff to have until

1  March 17, 2007, to file an affidavit fulfilling the requirements set forth in N.R.S. § 41A.071.  On
2  January 19, 2007, the undersigned Magistrate Judge issued Order (#103) to stay discovery until March
3  19, 2007, pending Plaintiff's compliance with Order (#98).  Plaintiff filed his motion with this Court on
4  February 26, 2007, attaching part of his medical records, not an affidavit submitted by a medical expert
5  pursuant to N.R.S. § 41A.071.

## DISCUSSION

7  N.R.S. § 41A.071 states:

> If an action for medical malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

12  Further pursuant to N.R.S. § 41A.071, a medical expert must submit an affidavit supporting a
13  claimant's allegations of malpractice.  The Nevada Supreme Court held that "the expert affidavit
14  requirements of N.R.S. § 41A.071 are designed to account for the abolition of the screening panels and
15  to ensure that parties file malpractice cases in good faith." *Borger v. Eighth Judicial Dist. Ct.*, 102 P.3d
16  600, 604 (Nev. 2004).  The Nevada Supreme Court further concluded that "N.R.S. § 41A.071 clearly
17  mandates dismissal, without leave to amend, for complete failure to attach an affidavit to the
18  complaint." *Id.* at 606.

19  Plaintiff claims to have attached an affidavit to his motion that fulfills the requirements set forth
20  in N.R.S. § 41A.071.  However, Plaintiff attaches medical records dating from February 2002 to June
21  2002.  The medical records do not qualify as an affidavit under N.R.S. § 41A.071 and fail to support
22  Plaintiff's allegations that Defendant Ramirez committed medical malpractice against Plaintiff.
23  Plaintiff's submission of medical records does not comply with N.R.S. § 41A.071.  Accordingly,

24  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Comply with Court Order on N.R.S. §
25  41A.071 Written Affidavit (#106) is **denied**.

## RECOMMENDATION

27  Based on Plaintiff's failure to provide an affidavit fulfilling the requirements set forth in N.R.S.
28  § 41A.071 as previously ordered by the Court, it is the **recommendation** of the undersigned United

1  States Magistrate Judge that Defendant Ramirez's Motion for Judgment on the Pleadings (#95) should
2  be **granted** and Plaintiff's complaint should be **dismissed** without prejudice.
3        DATED this 28th day of March, 2007.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**